IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHRISTOPHER HOWARD THRASHER, #65063                                    PLAINTIFF

v.                                                    CIVIL ACTION NO.  3:11-cv-482-CWR-FKB

CMCF, ET AL.                                                                      DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, an inmate of the Mississippi Department of Corrections, filed a Complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On September 13, 2011, Plaintiff was granted leave to proceed *in forma pauperis* [ECF No. 5] and an Order [ECF No. 6] was entered directing the Plaintiff to file a written response to provide specific information regarding his claims. Plaintiff was directed to file his response on or before October 3, 2011. The Order warned Plaintiff that a failure to advise the Court of a change of address or a failure to timely comply with the requirements of the Order may result in the dismissal of this case, without further notice.  Plaintiff failed to comply with this Order.

On October 19, 2011, an Order [ECF No. 7] was entered directing Plaintiff to show cause, on or before November 3, 2011, why this case should not be dismissed for his failure to comply with the Court's Order of  September 13, 2011.  In addition, Plaintiff was directed to comply with the previous Order by filing his response, on or before November 3, 2011.  The Show Cause Order [ECF No. 7] warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice.  Plaintiff failed to comply with the Show Cause Order.

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to the summary dismissal of this case.  On November 18, 2011, a Final Order

to Show Cause [ECF No. 8] was entered in this case.  Plaintiff was directed to show cause, on or before December 3, 2011, why this case should not be dismissed for his failure to comply with the Court's Orders of September 13, 2011, and October 19, 2011.  In addition, Plaintiff was directed to comply with the previous Orders by filing his written response, on or before December 3, 2011.  The Final Order to Show Cause warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice.  Plaintiff did not comply with the Final Order to Show Cause.

This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte.  See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

As the record demonstrates, the Court's efforts to pursue lesser sanctions than dismissal have proven futile. Plaintiff has failed to comply with three Court orders and he has not contacted this Court since August 23, 2011.  Therefore, the Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, No. 08-20381, 2009 WL 46882,

2

at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on inmate's failure to comply with a court

order).  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court

has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.

*See Munday/Elkins Auto. Partners, Ltd. v.  Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

This the 20th day of December, 2011.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE